IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TROY LAMAR WILLIAMS | : | CIVIL ACTION |
| --- | --- | --- |
|     Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES J. McGRADY, et al., | : | NO. 09-5040 |
|     Respondent | : | |

**M E M O R A N D U M   A N D   O R D E R**

Ditter, J.                                                                                                                                                      June 8, 2010

      This case comes before me on a petition for a writ *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner, Troy Williams, is a Pennsylvania state prisoner serving a term of fifteen to forty-five years imprisonment for three counts of robbery. For the reasons that follow, I will DISMISS this petition for failure to exhaust state remedies unless within 30 days of this memorandum and order Williams has withdrawn his unexhausted claim so that I can proceed to consider his exhausted claim.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

      In August 2004, Williams and his accomplice, Bernard Butler, robbed three employees of the Toys R Us store in Willow Grove, Montgomery County, Pennsylvania. Williams was an employee of the toy store and planned the robbery. He prepared a hiding place for himself and Butler in the rafters of the store. They waited for the store to close for the evening and then emerged from hiding armed with loaded guns. The pair took the three store employees, Gregory Rose, Debra Ortiz, and Theresa Lipski, hostage at gunpoint and held them separately in different areas of the store. The victims were bound and gagged with duct tape and warned they would be

shot if they moved. They remained hostage for more than six hours until Rose managed to escape and sounded an alarm.

During the interval, Williams and Butler broke into employee lockers, stole items from the store, cash from the registers, and change from the vending machines. They also took Ortiz's purse and car keys. The robbery plan included lying in wait for the store manager to arrive so they could force her to open the store safe. However, when the cohorts realized Rose had escaped, they fled in Ortiz's car. After a lengthy car chase, Williams was arrested.

On August 12, 2005, in the Court of Common Pleas of Montgomery County, Williams entered an open, guilty plea to three counts of first-degree robbery, and one count each of conspiracy, unlawful restraint, possession of an instrument of crime, and fleeing and eluding the police. At the sentencing hearing, the Commonwealth served notice of intent to seek the mandatory minimum sentence of five years imprisonment to run consecutively on each robbery count. In support of its sentencing request, the Commonwealth provided letters from the victims describing the trauma they suffered and asking the court to impose the maximum sentence.[1] On October 11, 2005, Williams was sentenced to three consecutive terms of five to fifteen years for an aggregate sentence of fifteen to forty-five years imprisonment on the three robbery counts with concurrent sentences for unlawful restraint, possessing an instrument of crime, and fleeing a police officer to be followed by fifteen years probation imposed on the conspiracy count.

Williams' untimely motion for reconsideration of sentence was denied by the trial court on December 1, 2005. Williams filed an appeal in the Superior Court of Pennsylvania that was

---

[1] In addition to the frightening experience of the robbery, Ms. Lipski also underwent surgery on her shoulder for injuries resulting from her arms being tied behind her back.

quashed as untimely. Thereafter, Williams filed a petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541, *et seq.,* seeking reinstatement of his appellate rights *nunc pro tunc*. New counsel was appointed, the petition was granted, and counsel filed a notice of appeal.

Williams raised two sentencing issues on direct appeal: 1) whether the trial court erred in sentencing Williams to three counts of robbery when no theft occurred against two of the victims and Williams had expressed no intent to commit such a theft; and 2) whether the trial court erred in imposing three consecutive mandatory minimum sentences when he committed only one act of robbery against the store.

Under Pennsylvania law, all grounds for appeal are waived except for the jurisdiction of the court, the voluntariness of the plea, and the legality of the sentence upon the entry of a guilty plea. *Commonwealth v. Jones*, 593 Pa. 295, 308 (Pa. 2007). Although it was raised as a sentencing issue, the Superior Court considered Williams' first claim as a challenge of the sufficiency of the evidence to support two of the three robbery convictions and found that "Williams ha[d] admitted to all the elements of each robbery charge," and that his plea was entered "knowingly, voluntarily, and intelligently." *Commonwealth v. Williams*, No. 2970 EDA 2007 (Pa. Super. March 27, 2009), slip op. at 4. Having found no fault with the validity of his guilty plea, the Superior Court concluded that Williams had waived his right to challenge the sufficiency of the evidence.

The Superior Court determined that Williams' second claim was a challenge to the discretionary aspects of his sentence. Having pled guilty to three counts of robbery, Williams was subject to three mandatory minimum sentences despite his claim that he only robbed one

3

person. The Superior Court noted that whether to impose sentences concurrently or consecutively is matter left to the discretion of the court and does not present a substantial question for appellate review under Pennsylvania law. *Commonwealth v. McWilliams*, 887 A.2d 784, 787 (Pa. Super. 2005). The judgment of sentence was affirmed on March 27, 2009. On August 19, 2009, Williams' petition for allowance of appeal was denied by the Supreme Court of Pennsylvania.

Williams did not seek further review in the state court. Instead, he filed this action on October 31, 2009.

**II. DISCUSSION**

Williams raises two claims in his *habeas* petition which he states as follows:

> 1) given by [sic] the victims [sic] original statement that I didn't take anything or was [not] there to harm them, how could I receive 3 counts of robbery; and
>
> 2) I feel as though I was forced into taking a guilty [plea] haveing [sic] no true knowledge of the court system, also having the understanding that I would not receive the sentence I did.

Williams asserts that he raised the first claim – challenging the sufficiency of the evidence – on direct appeal but he acknowledges that he did not raise his second claim in state court. The Commonwealth agrees and also contends that the second claim is not subject to federal review because it is procedurally defaulted.

It is well-settled that absent exceptional circumstances a federal court will not entertain a petition for a writ of *habeas corpus* until the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerkel*, 526 U.S. 838, 839 (1999). A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right

4

under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The policy of this total exhaustion doctrine is rooted in the tradition of comity: the state must be given the "initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights." *O'Sullivan*, 526 U.S. at 844-45. Exhaustion does not require that the highest state court rule on the merits of the petitioner's claims, but merely that the court be given the opportunity to review them. *Bond v. Fulcomer*, 864 F.2d 306 (3d Cir. 1989).

When a "state claim is not exhausted because it has not been 'fairly presented' to the state courts, and state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement may be satisfied because there is 'an absence of available state corrective process.'" *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999). However, when no state remedy remains available, the unexhausted claims are deemed exhausted but procedurally barred. *O'Sullivan*, 526 U.S. at 848 (citations omitted).

After reviewing the state court record, I find that Williams' second claim has not been fairly presented to the state courts[2] and that there remains an opportunity to seek review in state court by filing a PCRA petition. Under Pennsylvania law, petitions for collateral review must be filed within one year of the date judgment of sentence becomes final unless the petitioner meets one of three limited exceptions. 42 Pa. C.S.A. § 9545(b); *Commonwealth v. Peterkin*, 722 A.2d

---

[2] Although the Superior Court reviewed the plea in its consideration of Williams' sufficiency claim, the court was not presented with any specific challenge to the validity of the plea. Without comment on the merits of such a claim, I conclude it is in the interests of comity that I defer to the state court to first consider any challenge to Williams' guilty plea or to determine that this claim has been previously litigated.

5

638, 642-43 (Pa. 1998).[3] Here, Williams' judgment of sentence became final on November 17, 2009, when the time for the filing of a petition for a writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa. C.S.A. § 9545(b)(3); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999). Thus, contrary to the assertion of the Commonwealth, Williams may still file a timely PCRA petition if he does so prior to November 17, 2010.

Williams is advised that the limitations period for federal *habeas corpus* review also began to run at the time his judgment of sentence became final under state law and will only be tolled for the period of time that he has a properly filed PCRA petition pending in state court. 28 U.S.C. § 2244(d)(2).

## III. CONCLUSION

For the reasons stated, on July 8, 2010, I will dismiss Williams petition unless in the meantime he has withdrawn his second claim. I also inform Williams that if he decides to withdraw his unexhausted claim, my proceeding on his exhausted claim may well prevent any further review of his unexhausted claim in a second or successive petition. 28 U.S.C. § 2244(b).

An appropriate order follows.

---

[3] I also note that Williams' first PCRA petition was not a prior PCRA petition for purposes of § 9545 because it merely resulted in the reinstatement of his direct appeal; it did not grant him PCRA relief *per se*. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 944-45 (Pa. Super. 2003). Thus, once he had permission to file his direct appeal *nunc pro tunc*, and did so, his judgment of sentence was not final for purposes of § 9545. *Id*. at 945.