IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY LAMAR WILLIAMS | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES J. McGRADY, et al., | : | NO. 09-CV-5040 |
| Respondents | : | |

## MEMORANDUM AND ORDER

Ditter, J.                                                             January 4, 2011

This case comes before me on a petition for a writ *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner, Troy Williams, is a Pennsylvania state prisoner serving a term of fifteen to forty-five years imprisonment for three counts of robbery. Because in his petition Williams asserted a claim that was unexhausted but not procedurally defaulted, I allowed him 30 days to decide whether he wanted to return to state court and litigate that claim or withdraw it and continue with federal review. He has opted to withdraw the claim and proceed with this petition. For the reasons that follow, his petition will be denied with prejudice.

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

In August 2004, Williams was an employee of the Toys R Us store in Willow Grove, Montgomery County, Pennsylvania. He and his accomplice, Bernard Butler, planned to rob store employees and to steal money they expected to find in the store. Williams prepared a hiding place for Butler and himself in the rafters of the store. They waited for the store to close for the evening and then emerged from hiding armed with loaded guns. The pair took three store

---

[1] I again set forth the facts from my prior memorandum for continuity.




employees, Gregory Rose, Debra Ortiz, and Theresa Lipski, hostage at gunpoint and held them separately in different areas of the store. They also took Ortiz's purse and car keys. The victims were bound and gagged with duct tape and warned they would be shot if they moved. They remained hostage for more than six hours until Rose managed to escape and sounded an alarm.

During the interval, Williams and Butler broke into employee lockers, stole items from the store, cash from the registers, and change from the vending machines. The burglary plan included their lying in wait for the store manager to arrive so they could force her to open the store safe. However, when the cohorts realized Rose had escaped, they fled in Ortiz's car. After a lengthy car chase, Williams was arrested.

On August 12, 2005, in the Court of Common Pleas of Montgomery County, Williams entered an open, guilty plea to three counts of first-degree robbery, and one count each of conspiracy, unlawful restraint, possession of an instrument of crime, and fleeing and eluding the police. At the sentencing hearing, the Commonwealth served notice of its intent to seek the mandatory minimum sentence of five years imprisonment to run consecutively on each robbery count. In support of its sentencing request, the Commonwealth provided letters from the victims describing the trauma they suffered and asking the court to impose the maximum sentence.[2] On October 11, 2005, Williams was sentenced to three consecutive terms of five to fifteen years for an aggregate sentence of fifteen to forty-five years imprisonment on the three robbery counts with concurrent sentences for unlawful restraint, possessing an instrument of crime, and fleeing a police officer to be followed by fifteen years probation imposed on the conspiracy count.

---

[2] In addition to the frightening experience of the robbery, Ms. Lipski also underwent surgery on her shoulder for injuries resulting from her arms being tied behind her back.

Williams' untimely motion for reconsideration of sentence was denied by the trial court on December 1, 2005. Williams filed an appeal in the Superior Court of Pennsylvania that was quashed as untimely. Thereafter, Williams filed a petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541, *et seq.*, seeking reinstatement of his appellate rights *nunc pro tunc*. New counsel was appointed, the petition was granted, and counsel filed a notice of appeal.

Williams raised two sentencing issues on direct appeal: 1) whether the trial court erred in sentencing Williams to three counts of robbery when no theft occurred against two of the victims and Williams had expressed no intent to commit such a theft; and 2) whether the trial court erred in imposing three consecutive mandatory minimum sentences when he committed only one act of robbery against the store.

Under Pennsylvania law, all grounds for appeal are waived except for the jurisdiction of the court, the voluntariness of the plea, and the legality of the sentence upon the entry of a guilty plea. *Commonwealth v. Jones*, 593 Pa. 295, 308 (Pa. 2007).

Although it was raised as a sentencing issue, the Superior Court considered Williams' first claim as a challenge to the sufficiency of the evidence to support two of the three robbery convictions and found that "Williams ha[d] admitted to all the elements of each robbery charge," and that his plea was entered "knowingly, voluntarily, and intelligently." *Commonwealth v. Williams*, No. 2970 EDA 2007 (Pa. Super. March 27, 2009), slip op. at 4. Having found no fault with the validity of his guilty plea, the Superior Court concluded that Williams had waived his right to challenge the sufficiency of the evidence.

The Superior Court determined that Williams' second claim was a challenge to the

3

discretionary aspects of his sentence. Having pled guilty to three counts of robbery, Williams was subject to three mandatory minimum sentences despite his claim that he only robbed one person. The Superior Court noted that whether to impose sentences concurrently or consecutively is matter left to the discretion of the court and does not present a substantial question for appellate review under Pennsylvania law. *Commonwealth v. McWilliams*, 887 A.2d 784, 787 (Pa. Super. 2005). The judgment of sentence was affirmed on March 27, 2009. On August 19, 2009, Williams' petition for allowance of appeal was denied by the Supreme Court of Pennsylvania.

## II. DISCUSSION

Williams has preserved only one ground for habeas review. He contends the trial court erred in convicting him of three counts of robbery because the original statements by the victims showed that he did not take anything from them nor was he there to harm them.

I conclude that just as he did on his direct appeal to the Superior Court, Williams is contending that since he only took property from one person he could not be found guilty of three robberies.

He is wrong for two reasons:

First, Pennsylvania law provides that a person is guilty of robbery if in the course of committing a theft, he threatens another with or intentionally puts him in fear of immediate serious bodily injury. 18 Pa. C.S.A. § 3701. The Superior Court has held that "where a defendant threatens to inflict serious bodily injury on two employees in order to effectuate a theft of property from their common employer, the defendant may be convicted of two counts of robbery. *Commonwealth v. Rozplochi*, 561 A.2d 25, 30 (Pa. Super. 1989); *Commonwealth v.*

4

*Gillard*, 850 A.2d 1273, 1276 (Pa. Super. 2004). Because the record establishes, and Williams admits, that three employees were held hostage at gunpoint during the course of this crime, the evidence was sufficient to support Williams' conviction for three counts of robbery.

Second, as set forth above, when it considered this same contention the Superior Court found it waived because Williams had pled guilty to three counts of robbery.

> "A guilty plea is not only an admission of conduct but also is an admission of all the elements of a formal criminal charge, and constitutes the waiver of constitutionally-guaranteed rights." *Commonwealth v. Hines*, 496 PA. 555, 559 (1981). Upon entry of a plea of guilty, all grounds for appeal are waived except the jurisdiction of the court, the voluntariness of the plea, and the legality of the sentence. *See Commonwealth v. Moyer*, 497 Pa. 643, 444 A.2d 101 (1982); *see also Commonwealth v. Rounsley*, 717 A.2d 537 (Pa. Super. 1998).
>
> Here, by pleading guilty, Williams has admitted to all the elements of each robbery charge. Furthermore, the record reveals that Williams pled guilty to all charges knowingly, voluntarily, and intelligently. *See* Guilty Plea, 8/12/05, at 6-10. Thus, he has waived his right to challenge the sufficiency of the evidence on appeal.

*Commonwealth v. Williams*, No. 2970 EDA 2007 (Pa. Super. Mar. 27, 2009) *slip op.* at 4.

There is a third reason why Williams' *habeas* petition must be dismissed: it fails to raise a federal question, Constitutional or otherwise. It only questions an application of state law that was correctly decided by the courts of Pennsylvania.

### III. CONCLUSION

For the reasons stated, Williams' petition for a writ of *habeas corpus* will be denied with prejudice. I find no cause to grant a certificate of appealability.

An appropriate order follows.